UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**THOMAS FRAMPTON**

**VERSUS**

**CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, ET AL.**

CIVIL ACTION

NO.   3:21-CV-362-JWD-SDJ

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY MEMORANDUM TO MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes defendant, CITY OF BATON ROUGE PARISH OF EAST BATON ROUGE, (referred hereafter as "City/Parish"), SHARON WESTON BROOM, in her official capacity as Mayor of Baton Rouge, and MURPHY J. PAUL, in his official capacity as Chief of the Baton Rouge Police Department who respectfully files this reply memorandum to its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  For the foregoing reasons, the defendant's motion should be granted and the claims of plaintiff Thomas Frampton against the defendants should be dismissed with prejudice.

## APPLICABLE LAW AND ANALYSIS

Plaintiff attempts to oppose the defendants' interpretation of La.Child.Code Art. 412 by relying on mischaracterizations of defendants' arguments, semantics, and an overhaul on the definition of "proceedings."  First, nowhere in Art. 412 does it state that the confidentiality of juvenile records initiates with the commencement of a "delinquency proceeding" as defined in La.Child.Code Art. 842.  The law uses the generalized phrase "*all* matters or proceedings" to capture all juvenile records that concern the jurisdiction of Juvenile Court.  Defendants have provided law to demonstrate that the its interpretation is not only reasonable, but correct.  The interpretation should favor the spirit of the law, which is to protect a juvenile's welfare. Disseminating law enforcement records of juvenile arrests, without judicial review, clearly does

not uphold this intention. Plaintiff has provided absolutely no rationale as to why law enforcement records pertaining to a juvenile arrest that does not result in ultimate prosecution has any less privacy interest than law enforcement records pertaining to a juvenile arrest whose case is dismissed after a bill of information is filed. Under both circumstances, release of law enforcement records can ultimately affect the welfare of the child.

This is a very simple situation that has been completely blown out of proportion by the plaintiff. The City/Parish routinely rejects public records requests for juvenile arrest records under the provisions of Art. 412.[1] Art. 412 is a confidentiality provision that is incorporated into the public records law, but stands on its own and contains an enforcement provision. In this matter, the City/Parish attempted to follow the requirements of Art. 412 to release records. During this process the City/Parish was made aware of the fact that the plaintiff did not comply with Art. 412, despite being previously advised of the law. Faced with the knowledge of this violation, the City/Parish was obligated to bring it to the Juvenile Court's attention.

Plaintiff argued the City/Parish's retaliatory intent is demonstrated by the fact that Art. 412 procedural procedures were not followed correctly by the City/Parish in this instance with respect to its Petition to Disclose Records. However, the City/Parish did not file the petition under Art. 412(E), as it was not seeking the release records for use in an investigation or proceeding.[2] A similar petition seeking an order to *publicly* release limited records of a juvenile arrest previously was filed by the City/Parish on July 13, 2020, without service or a contradictory hearing, and was granted by the Juvenile Court.[3] Based on that experience, the same form of Petition to Disclose

---

[1] Exhibit A, email responses to public records requests seeking juvenile records.
[2] Art 412 E. (1) provides: For good cause when the information is material and necessary to a specific investigation or proceeding, the court may order the release of individual records and reports, or certain information contained therein, to a petitioner, limited to the specific purpose for which the court authorizes release.
[3] Exhibit C, Declaration of Deelee Morris.

Records, with regard to the records at issue, was filed on May 28, 2021 without service or contradictory hearing, and was again granted by the Juvenile Court. Thus, the City/Parish was acting in good faith based on a signed order under Art. 412 from the Juvenile Court judge when permitted public release of redacted portions of the protected videos.

Plaintiff has failed to demonstrate any bad faith intent with respect to its Petition to Disclose Records or the City/Parish's request for a Rule to Show Cause. Art. 412(F) specifically allows counsel or other appropriate legal representative of a child, who is still a minor, to seek an order releasing the videos.[4] At no point did Mr. Frampton receive an order from Juvenile Court permitting widespread public release of the videos. Thus, he violated Art. 412, and the City/Parish acted in good faith when it sought a Rule to Show Cause. Because of the request for the Rule to Show Cause and related signed order, the City/Parish emailed a copy to Mr. Frampton as soon as possible and requested long arm service in accordance with the law.

Plaintiff's argument that the defendants do not treat all records related to juvenile arrest as confidential is blatantly incorrect. The example provided by the plaintiff is a record that concerns an IA investigation of a dog shooting. This record is not directly related to the arrest of a juvenile and contains no particular or identifying information concerning referenced juvenile arrest. As stated above, the City/Parish regularly rejects public records requests for juvenile arrest records under the provisions of Art. 412 and even rejected a request for records from BRPD file #20-225 outside of Mr. Frampton's request.[5]

---

[4] Art 412(F) states: F. The court may release records and reports concerning any proceeding, except adoption, to an adult who, as a child, was the subject of the proceeding. For good cause, the court may also order release of records and reports to the counsel or other appropriate legal representative of a child, still a minor, who was the subject of any proceedings, except adoption

[5] Exhibit A and Exhibit B, email response to public records request.

To the extent the video was released to the US attorney's office as a part of the federal prosecution of Mr. Green, clearly that limited type of production is readily distinctive from publicly posting the video on social media platforms. While Art. 412 does not specific address juvenile law enforcement records and videos that are commingled with adult arrest records, production to the prosecutorial body should fall within the acceptable production under Art. 412 and such situations should reviewed in the future ensure the protection of commingled confidential juvenile arrest records.

More importantly, Art. 412(A) specifically states that "[a]ny person authorized to review or receive confidential information shall preserve its confidentiality unless a court order authorizes them to share with others." Thus, despite the ultimate production of the videos during the prosecution of Mr. Green and/or Mr. Frampton's receipt of the videos, **whether authorized or not**, the law still requires the recipients of the confidential information preserve its confidentiality.

Plaintiff's argument about the potential violations of re-sharing the video(s) at issue is a rabbit hole that does not need to be explored. At the time the Petition to Disclose Records was filed, the City/Parish was made aware of only one person who originally disseminated the video to the public on the internet without a Juvenile Court order and plead such facts accordingly to the Juvenile Court. If the Juvenile Court deems others violated the law after hearing evidence during its Rule to Show Cause hearing, the Court has the authority to hold those individuals accountable.

Contrary to the plaintiff's argument, the defendants have established the *Younger* abstention is clearly applicable to contempt hearings as in this instance. Plaintiff's continual manipulation of the defendants' words out of context do not establish any grounds for finding a bad faith exception to the *Younger* abstention. Defendants have readily identified its reasonable

basis in the law for the Rule to Show Cause and the plaintiff's have not provided any substantive evidence besides mischaracterizing rhetoric to establish any retaliatory conduct.

Accordingly, the defendant respectfully requests that this Honorable Court dismiss the Motion for Preliminary Injunction filed by the plaintiff with prejudice.

RESPECTFULLY SUBMITTED,

**By Attorneys:**
**Anderson O. Dotson, III**
**Parish Attorney**

*/s/ Deelee Morris*
**Deelee Morris (Bar Roll 28775)**
**Joseph K. Scott, III (Bar Roll 28223)**
**222 St. Louis Street, 9th Floor**
**Baton Rouge, LA 70802**
**Telephone: (225) 389-3114**
**Facsimile:   (225) 389-8736**
**Email**: ADOTSON@brla.gov
**Email: DSMorris@brla.gov**
**Email: jkscott@brla.gov**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**THOMAS FRAMPTON**

**VERSUS**

**CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE, ET AL.**

**CIVIL ACTION**

**NO.  3:21-CV-362-JWD-SDJ**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CERTIFICATE**

I hereby certify that a copy of the foregoing Reply Memorandum to the defendants' Motion to Dismiss was this date electronically filed with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this **16th**  day of **July**, 2021.


**/s/ Deelee S. Morris**
**DEELEE S. MORRIS**

*Pg. 6*