UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THOMAS FRAMPTON                                    CIVIL ACTION

VERSUS                                             NO. 3:21-CV-362-JWD-SDJ

CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE, ET AL.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW OR AMEND REQUESTS FOR ADMISSION**

MAY IT PLEASE THE COURT, now into court, through undersigned counsel, comes defendant, CITY OF BATON ROUGE PARISH OF EAST BATON ROUGE, (referred hereafter as "City/Parish"), SHARON WESTON BROOM, in her official capacity as Mayor of Baton Rouge, and MURPHY J. PAUL, in his official capacity as Chief of the Baton Rouge Police Department whose *Memorandum in Support of Motion to Withdraw or Amend Requests for Admission* respectfully represents:

*FACTUAL BASIS*

On December 21, 2021, plaintiff, through counsel, propounded Requests for Admission (attached hereto as Exhibit A) to defendants via email (attached hereto as Exhibit B), along with correspondence regarding alleged deficiencies of defendants' answers to Interrogatories (attached hereto as Exhibit C). Undersigned counsel, on December 21, 2021, was quarantined due to Covid-19 exposure, and was unavailable until January 10, 2022, due to subsequent Covid-19 infection.

Although the Requests for Admission expressly noted that answers were requested within thirty (30) days, pursuant to Fed. Rule. Civ. Pro. 36, the transmittal email and correspondence regarding alleged deficiencies in the answers to Interrogatories requested responses by January 30, 2022.

The parties met and conferred by telephone on January 25, 2022, regarding a variety of issues, including discovery. Plaintiff's counsel took the position that the Requests for Admission had been deemed admitted on January 20, 2022.

Defendants completed the responses to the Requests for Admission later in the day on January 25, 2022, (attached hereto as Exhibit D) with correspondence generally asserting lead counsel's backlog due to lengthy illness and general confusion regarding the due dates (attached hereto as Exhibit E). The responses admit some of the Requests for Admission in whole, some in part, and deny others. The Requests for Admission are exacting findings of fact, which defendants believe would be better suited to testimony.

Plaintiff's counsel declined to accept those responses, and took issue with the Parish Attorney's Office receiving the Requests for Admission, addressed to multiple attorneys, and was skeptical that the other three attorneys[1] misunderstood the deadline (Correspondence attached hereto as Exhibit F). Accordingly, as plaintiff's counsel would not agree to an extension or stipulation to a different deadline by way of Fed. Rule Civ. Pro. 29(b),[2] defendants seek intervention by the Court.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of factual matters, including the application of law to fact. Fed. Rule

---

[1] Actually two attorneys and a paralegal.
[2] Fed. Rule Civ. Pro. 36(a)(3), A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Civ. Pro. 36(a) (1); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Under the rule, a party served with a request for admission has 30 days to answer or object to the request. Fed. Rule Civ. Pro. 36(a)(3). If a party fails to timely respond, the matter is deemed admitted and is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. Rule Civ. Pro. 36(b).

Defendants do not contend that the response of January 25, 2022, was timely, but do contend that they were only five (5) days late, including a Saturday and Sunday. Pursuant to Fed. Rule Civ. Pro. 36(b), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." This two pronged test was well explained by Judge Doughty, of the Western District of Louisiana, in *Dew v. Tallulah Water Co.*, 2021 WL 5088245, 19-CV-01489, WDLA, Monroe Division, at Pg. 4-5:

> With respect to the first part of the test, "[w]ithdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case." *Mendez v. Joeris General Contractors, Ltd.,* Civil Action No. SA–12–CA–0608, 2013 WL 3153982, *3 (W.D. Tex. Jun. 18, 2013). A party may satisfy this prong of the test if the admission effectively would preclude the party from presenting its case on the merits. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007)(citing Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)); see also *Haynes v. Navy Federal Credit Union*, 296 F.R.D. 9, 86 Fed. R. Serv. 3d 589 (D.D.C. 2013) (granting defendant's motion to amend an admission); *Freeman v. City of Detroit*, 274 F.R.D. 610, 79 Fed. R. Serv. 3d 953 (E.D. Mich. 2011) (refusing to deem matters admitted); *Edeh v. Equifax Information Services, LLC*, 295 F.R.D. 219, 224 (D. Minn. 2013)("When a material fact is clearly contested, considering that fact to be admitted precludes, rather than promotes, presentation of the case on the merits.")
>
> Under the second prong of the test, a party is not prejudiced merely because withdrawal of the admissions requires the party to prove or defend the case on the merits. *Le*, 2007 WL 715260, at *3; see also, e.g., *In re Ames Dept. Stores, Inc.*, 470 B.R. 280 (S.D.N.Y. 2012), aff'd, 506 F. App'x 70 (2d Cir. 2012), cert. denied, 571 U.S. 819 (2013); *Mendez*, 2013 WL 3153982, at *5; *Haynes*, 296 F.R.D. 9; *Edeh*, 295 F.R.D. 219. Prejudice may occur if a party encounters special challenges "caused by a sudden need to

obtain evidence upon withdrawal or amendment of an admission." *Le*, 2007 WL 715260, at *3 (quoting *American Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)); see also *Mendez*, 2013 WL 3153982. This standard does not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions. *Le*, 2007 WL 715260, at *3 (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983)). Merely having to prove the matters admitted to the trier of fact does not constitute prejudice. *Le*, 2007 WL 715260, at *3 (citing *No. La. Rehab. Ctr. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001)). Similarly, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *No. La. Rehab. Ctr.,* 179 F. Supp. 2d at 663 (quoting *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)) (internal citations omitted); see also *Edeh*, 295 F.R.D. at 225 ("While reliance that is detrimental to a party's ability to prosecute its claim at trial may constitute sufficient prejudice to satisfy the second prong, it is less likely to be sufficient where that party has clear warning in advance of trial that the particular issues are controverted.")

In evaluating the prejudice prong of the test, courts have considered the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. *Le*, 2007 WL 715260, at *3; see also *No. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

Finally, when examining these two prongs, courts also may consider other factors such as the fault and diligence of the party seeking withdrawal. *Le v. Cheesecake Factory Rests. Inc.,* No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (citing *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (unpublished); *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969)). Even where a party establishes the two prongs under Rule 36, "the district court retains discretion to deny a request to withdraw an admission." *Williams v. Wells Fargo Bank, N.A.,* 2014 WL 1044304, at *9 (5th Cir. 2014).

The Court has broad discretion on motions to withdraw or amend admissions. *Sinstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016); *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007).

The admissions here go to the heart of the plaintiff's contentions, as well as the defendants' defenses, and the deemed admissions would prevent the City/Parish from presenting testimony regarding the roles of the alleged key actors. The scheduling conference is set for March 24, 2022 (ECF Doc. 50), two months away, and the suit is in its infancy.

The timing is also notable, as to the service of the Requests for Admission, and the City's response. Defendants suggest that service of the Requests for Admission four days before Christmas, with a deadline running thirty days over two major holidays, explains some negligence on the part of defense counsel, while the near three week absence of the primary attorney due to illness is another. This does not appear to be inexcusable neglect, as the phrase is used in the Rules, and the late delivered responses are less than a week beyond the deadline.

By comparison, in *Gauthe v. Mercer*, 2015 WL 5320651, 15-CV-26-BAJ-RLB, Requests for Admission were answered two months after service, and the plaintiff's *Motion to Withdraw or Amend Admissions*, was granted.  This is not a situation like *Bookter v. Hunter*, 2018 WL 6332832, 16-CV-SDD-EWD, where the deemed admitted Requests for Admissions were addressed some nine months later, and the *Motion to Withdraw Admissions* merited denial for inexcusable neglect.

The deemed admissions serve not only to cut off the merits of the case, but foreclose defendants from defending against summary judgment. "Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record."[3]  The prejudice to the defendants is substantial, and plaintiff has lost five days, two of them, a weekend, demonstrating no prejudice.

---

[3] *In Re Carney*, 258 F. 3d 414 (5th Cir., 2001)

## *CONCLUSION*

While the purpose of Rule 36 is to streamline issues for trial, it does so by identifying and eliminating those matters on which the parties agree.[4] Here, there is substantial disagreement, and the deemed admissions are a disservice to the goal of the Rules, where the defendants have acted promptly and within the scope of the Rule. As set forth herein, there is substantial prejudice to defendants, and no prejudice to the plaintiff, such that the parties can proceed on the merits. Accordingly, defendants request that they be permitted to amend or withdraw their default admissions, deemed admitted on January 20, 2022, to be replaced with the answers provided on January 25, 2022.

RESPECTFULLY SUBMITTED,

**By Attorneys:**
**Anderson O. "Andy" Dotson, III**
**Parish Attorney**

*/s/ Joseph K. Scott, III*
**Joseph K. Scott, III (#28223)**
**Anderson O. "Andy" Dotson, III (#26865)**
**Deelee S. Morris (#28775)**
**222 St. Louis Street, 9th Floor**
**Baton Rouge, LA 70802**
**Telephone: (225) 389-3114**
**Facsimile:  (225) 389-8736**
**Email**: ADOTSON@brla.gov
**Email:** DSMorris@brla.gov
**Email:** jkscott@brla.gov

---

[4] *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir., 1991)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**THOMAS FRAMPTON**

**VERSUS**

**CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, ET AL.**

**CIVIL ACTION**

**NO. 3:21-CV-362-JWD-SDJ**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE

I hereby certify that a copy of the foregoing *Memorandum in Support of Motion to Withdraw or Amend Requests for Admission* was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this __27th__ day of **January**, 2022.


*/s/ Joseph K. Scott, III*
**Joseph K. Scott, III**