## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

THOMAS FRAMPTON,

        *Plaintiff*,

   v.

CITY OF BATON ROUGE, *et al.*

        *Defendants*.

Case No. 21-cv-00362-JWD-SDJ

## PLAINTIFF'S STATEMENT OF UNCONTESTED FACTS

1. On January 1, 2020, Clarence Green ("Green") and his younger brother F.B. were passengers in a car in Baton Rouge, Louisiana, as the vehicle was stopped by officers from the Baton Rouge Police Department (BRPD).[1]

2. F.B. was not charged with a crime.[2]

3. Clarence Green was indicted by a federal grand jury.[3]

4. During the course of discovery in that proceeding, the U.S. Attorney received the footage from the BRPD, and turned the footage over to Green's counsel.[4]

5. Green's federal public defender filed a motion to suppress and entered the footage into the public record.[5]

6. The footage was not admitted under seal or designated as not to be shared.[6]

7. Following an evidentiary hearing, the indictment was dismissed at the request of the United States on December 29, 2020.[7]

8. Professor Frampton subsequently filed a civil suit against the BRPD, *Green v. Camallo*, 21-cv-00001-JWD-EWD (M.D. La).[8]

---

[1] Transcript of Preliminary Injunction Hearing ("Transcript") at 19:19-25; R. Doc. 49 at 5.
[2] *Id.* at 26:9-10; R. Doc. 49 at 7, 65.
[3] *Id.* at 20:11-20; *USA v. Green,* 20-cr-00046-BAJ-SDJ (M.D. La.).
[4] Transcript at 102:25-103:2; R. Doc. 49 at 64; R. Doc. 49 at 7, 64.
[5] *Id.* at 20:21-22; *USA v. Green*, R. Doc. 26; R. Doc. 49 at 8, 65.
[6] Transcript at 28:25-29:5; Transcript at 36:6-10; R. Doc. 49 at 8, 65.
[7] *USA v. Green*, R. Doc. 35 at n. 1; R. Doc. 49 at 8.
[8] Transcript at 26:21-27:4. R. Doc. 49 at 9.

9. Professor Frampton received a copy of the BRPD bodycam footage from Clarence Green's federal public defender.[9]

10. On January 12, 2021, the Baton Rouge Advocate published a news article describing the footage.[10]

11. Professor Frampton discussed his possession of the video with the Parish Attorney's office during a March 2021 settlement conference, during which no one indicated that the video was confidential or that sharing it would be illegal.[11]

12. After a settlement was reached in the civil case, at the request of his clients, the Green family, Professor Frampton issued a press release publicizing the video.[12]

13. The following day, Defendants filed a petition in juvenile court seeking permission to release yet more of the video.[13]

14. Defendants also sought contempt against Professor Frampton, alleging that he violated Louisiana Children's Code art. 1509.[14]

15. On May 28, 2021, a Juvenile Court judge signed an *ex parte* order granting Defendants' request to release in redacted form more of the footage and setting a hearing on the contempt motion.[15]

16. On June 2, 2021, the American Civil Liberties Union of Louisiana notified Defendants in writing that the video in question was already a public record at the time Professor Frampton gave further publicity to it.[16]

17. Despite public releases of the BRPD Video by others, Frampton remains the only individual who the City/Parish has ever attempted to find in contempt for the release of this Video or any other allegedly protected confidential juvenile information.[17]

18. On January 7th, 2022, this Court granted Plaintiff's request for preliminary injunction, ordering Defendants to withdraw their contempt motion, holding that "Frampton was engaged in a constitutionally protected right when he issued the press release critical of BRPD and shared the BRPD Video."[18]

---

[9] *Id.* at 41:5-11. R. Doc. 49 at 9.

[10] Plaintiff's PI Exhibit 5 (John Simerman and Lea Skene, *Federal judge voids gun charges, calls bad BRPD bust a 'foul' against justice system*, BATON ROUGE ADVOCATE, Jan. 12, 2021); Transcript at 30:5-9 (describing that Lea Skene confirmed in writing she had obtained the footage); Transcript at 31:12-17 (describing details in article only available in footage and not Judge Jackson's opinion); R. Doc. 49 at 65.

[11] Transcript at 36:2-5; R. Doc. 49 at 11, 65.

[12] *Id.* at 36:22-37:4; R. Doc. 49 at 12.

[13] Plaintiff's PI Exhibit 7 (Defendants' Petition for Rule to Show Cause), at ¶ 1; R. Doc. 49 at 13.

[14] Plaintiff's PI Exhibit 7 at ¶ 4; R. Doc. 49 at 13.

[15] Plaintiff's PI Exhibit 7; Plaintiff's PI Exhibit 1, Declaration of Deelee Morris at ¶ 4; R. Doc. 49 at 14.

[16] Plaintiff's PI Exhibit 9.

[17] R. Doc. 49 at 37.

[18] R. Doc. 49 at 63.

Respectfully submitted,

*/s/ William Most*
**William Most (La. Bar. No. 36914)**
Most & Associates
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

**Katie M. Schwartzmann (La Bar No. 30295)**
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
kschwartzmann@tulane.edu
o: (504) 862-8813

**Dayton Dunbar**
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
ddunbar@tulane.edu

**Denver Nicks**
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
dnicks@tulane.edu

**Jane C. Hogan (La. Bar. No. 35172)**
Hogan Attorneys
310 North Cherry Street
Hammond, La 70401
Ph : (985) 542-7730
Fax : (985) 542-7756
jane@hoganattorneys.com


*Attorneys for Plaintiff*